IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RUBEN J. BONTTY,

    Plaintiff,                    No. 2:11-cv-1989 KJN P

    vs.

CALIFORNIA CALABOOSES,

    Defendant.                ORDER

_____/

        Plaintiff is a California prisoner, proceeding with counsel, in this action filed pursuant to 42 U.S.C. § 1983.  Plaintiff has consented to all proceedings in this matter being held before the United States Magistrate Judge.  (Dkt. No. 7.)  <u>See</u> 28 U.S.C. § 636(c).

        By order filed August 16, 2011, plaintiff was directed to submit, within thirty days, the documents necessary to complete his application to proceed in forma pauperis; plaintiff was cautioned that failure to do so may result in dismissal of this action. The thirty-day period has expired, and plaintiff has not responded to the court's order, despite filing four other nonresponsive documents.

        The court notes that plaintiff has filed nineteen actions in this court, most of which have been dismissed for failure to prosecute or failure to abide by a court order; many, perhaps most, of these cases appear to be frivolous.  Plaintiff is informed that the "three strikes"

1

provision of the Prison Litigation Reform Act requires that a court deny in forma pauperis status to a prisoner who "has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Thus, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]" Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). The purpose of this rule is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." Tierney v. Kupers, 128 F.3d 1310, 1312 (9th Cir. 1997); accord, Rodriguez v. Cook, 169 F.3d 1176, 1180 (9th Cir. 1999) ("Section 1915(g) does not prohibit prisoners from accessing the courts to protect their rights. Inmates are still able to file claims – they are only required to pay for filing those claims.").

Plaintiff's multiple filings suggest abuse of the judicial process. Plaintiff is admonished that his further filings, if any, in this court will be scrutinized for the purpose of determining whether plaintiff should be declared a "three strikes" litigant, and thus barred from proceeding with an action unless plaintiff pays the full filing fee.

For present purposes, IT IS HEREBY ORDERED that this action is dismissed without prejudice.

SO ORDERED.

DATED: January 6, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

bont1989.fifp.dsms